

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. 0-1957
Re: Senate Bill No. 308, 46th Legisla-
ture, Regular Session — Article 3,
Sec. 56 of the Constitution of Texas.

We are in receipt of your request for an opinion
on the following question:

"The Forty-Sixth Legislature passed Senate
Bill No. 308 and the same became effective April 24,
1939, and is found on page 524 of 'Vernon's Texas
Session Laws,' providing that the County Attorney
and other county officers of the county should re-
ceive $2,750 salary, the old law providing for
$2,400 salary, which was Article 3891, Paragraph
2; and also Article 3883, of the Revised Civil Sta-
tutes, provides that counties containing 25,000 or
less inhabitants shall receive the $2,400, and also
the statute provides that the County Attorney can
retain one-third of excess fees until his salary
does not exceed $3,000, being a difference of $600
between $2,400 and $3,000. Now, under the statute
enacted by the Forty-Sixth Legislature making the
salary $2,750, would the County Attorney still be
entitled to the $600 difference that was between
the $2,400 and $3,000, making the total, that the
County Attorney could receive, of $3,350; or is
$3,000 the maximum that the County Attorney can re-
ceive under the present law?"

Senate Bill No. 308, of the 46th Legislature, Regular
Session, effective April 24, 1939, reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. T. Burns, Page 2

"In all counties in this State having a population of not less than eighteen thousand five hundred twenty-eight (18,528) and not more than eighteen thousand five hundred thirty-five (18,535) according to the last preceding Federal Census, the County Judge, the County Attorney, County Clerk, County Sheriff, Tax Assessor and Tax Collector shall receive maximum fees of Two Thousand Seven Hundred Fifty ($2,750.00) Dollars each per year; the Justice of the Peace and Constable One Thousand Five Hundred ($1,500.00) Dollars each per year.

"The fact that under the present law the salary is inadequate and said officials are not receiving a sufficient amount of money for the work performed creates an emergency and imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force immediately from the date of its passage, and it is so enacted."

The population of Walker County, according to the last preceding Federal Census of 1930, was eighteen thousand five hundred and twenty-eight inhabitants. Walker County is the only county in Texas coming within the population brackets set out in Senate Bill No. 308 of the 46th Legislature, above quoted.

Senate Bill No. 308 is unconstitutional and void as a special or local Act and constitutes a violation of Section 56 of Article 3 of the Constitution of the State of Texas. Texas Constitution, Art. 3, Sec. 56; Altgelt v. Guzelt, 201 S.W. 400; Ft. Worth v. Bobbitt, 36 S.W. (2d) 470; Smith v. State, 49 S.W. (2d) 739; Wood v. Marfa Ind. School District, 123 S.W. (2d) 429; Opinions of this Department Nos. 0-462, 0-1748, 0-18, 0-868, 0-899 (copy attached), 0-1020, 0-1004, 0-735, 0-721, 0-843, 0-1581, 0-364, 0-292, holding local or special laws unconstitutional as violations of Sec. 56 of Art. 3 of the Constitution of the State of Texas.

It is our opinion, and you are herein advised, that Senate Bill 308 of the 46th Legislature, Regular Session, is unconstitutional and void and should not be considered in computing the salary and excess fees of the County Attorney

Hon. R. T. Burns, Page 3

of Walker County as provided for in Article 3883, Section 1, and Article 3691, Vernon's Annotated Civil Statutes.

Trusting that we have fully answered the inquiry set out in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

APPROVED FEB 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

DS:pbp

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN